**Donald CARTWRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 573–91.**

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

George Barron, Orange, for appellant.

Stephen C. Howard, County Atty., Gary R. Bonneaux, Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

On February 28, 1990, appellant, Donald Cartwright, was convicted of delivery of a controlled substance in Orange County. The jury assessed punishment at forty years' confinement and a five thousand dollar fine. On appeal he complained that the trial court erred in permitting the jury to assess a fine which exceeded that authorized by law. The Ninth Court of Appeals at Beaumont affirmed his conviction after deciding, that although the trial court did indeed err, the error did not require reversal of the trial court's judgment under traditional *Almanza* harm analysis.[1] Appellant is now before this Court on petition for discretionary review.

We granted review of two grounds presented by appellant in his petition. The first is whether "[T]he court of appeals erred in holding that the trial court did not fundamentally err in permitting the jury to assess a fine exceeding that authorized by law." The second is whether "[T]he court of appeals erred in holding that *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985)

---

1. *Cartwright v. State*, 807 S.W.2d 654 (Tex.    App.—Beaumont 1991).

(opinion on rehearing) rather than *Uribe v. State*, 688 S.W.2d 534 (Tex.Cr.App.1985) is the standard for review of the error of the trial court in charging the jury on a penalty range more severe than that authorized by law." In our review of this case, we will decide whether the court of appeals was correct in holding that *Almanza* rather than *Uribe* controls the disposition of this case, and further, we will determine whether the error complained of rose to the level of "fundamental" error requiring automatic reversal. We will affirm the judgment of the Court of Appeals.

Appellant was indicted for the offense of delivery of a controlled substance, namely cocaine, in an amount less than 28 grams, a first degree felony under the Texas Health and Safety Code.[2] Additionally, appellant's indictment contained an enhancement paragraph which alleged that he had been previously convicted of the felony offense of burglary of a habitation.[3] After evidence had been submitted, the jury convicted appellant of the primary offense of delivery of a controlled substance and he pled true to the allegation in the enhancement paragraph. The punishment charge, out of which appellant's complaint arises, was then submitted to the jury for consideration.

The punishment charge instructed the jury that appellant had pled true to the allegation in the enhancement paragraph nevertheless, it still required them to determine whether the allegation was true beyond a reasonable doubt. Upon a finding that it was, the charge authorized them to assess punishment at confinement for a term of not more than life or 99 years nor less than 15 years and a fine of up to $20,000.00.[4] However, it is now undisputed

among the parties, and this Court agrees, that since the state chose to enhance appellant's conviction under Tex. Penal Code Ann., Chapter 12, Subchapter D, the charge which was submitted to the jury authorized it to fine appellant more than the amount that was authorized by law.[5] The amount of the fine is the only error raised by the appellant.

Appellant contends that, like the error in *Uribe v. State* (supra), the error in this case was fundamental requiring reversal of the judgment. In *Uribe* we were faced with a similar situation. In that case the defendant alleged that the jury charge authorized a punishment range greater than that authorized by law. Another similarity between the two cases is that the punishments which were ultimately assessed by the juries were both within the range permitted by law. In *Uribe*, we held that "[T]he submission to the jury of a penalty range more severe than that authorized by law deprived appellants of a fair and impartial trial, even though the jury assessed punishment within the lawful range." After reciting that language we reversed the judgment and remanded to the trial court.[6] Appellant believes the same should be done here.

On the other hand, the state contends that under traditional *Almanza* analysis the error was not egregious and the judgment should stand. In *Almanza v. State* (supra), we explained that unobjected to jury charge error requires reversal of a judgment only when it can be shown that the error caused "egregious harm" to the defendant.[7] Additionally, in *Almanza* we held that finding error in a jury charge

---

**2.** Tex. Health & Safety Code Ann., Art. 481.-112(a), (b).

**3.** Tex. Penal Code Ann., Chapter 12, Subchapter D, Exceptional Sentences.

**4.** Contrast Tex. Health & Safety Code Ann., Art. 481.106 with Tex. Penal Code Ann., Art. 12.-42(c), the section of the Penal Code which the state used to enhance appellant's punishment.

**5.** The state relied upon Tex. Penal Code Ann., § 12.42(c) to enhance appellant's conviction with one prior felony conviction. However,

that section of the Penal Code provides in pertinent part: "an individual may be punished by a fine not to exceed $10,000." We agree with the parties to the extent they assert that appellant's jury should not have been allowed to consider assessing a fine greater than $10,000.

**6.** *Uribe*, 688 S.W.2d, at 539.

**7.** *Almanza*, 686 S.W.2d, at 171.

"begins—not ends the inquiry."[8] However, although *Uribe* was decided subsequent to *Almanza*,[9] our broad holding in *Uribe* did not appear to have taken that into account.

The Court of Appeals, opting to affirm the judgment of the trial court in this case, noted that this Court has previously mentioned the potential conflict between *Almanza* and *Uribe*.[10] The Court of Appeals went on to distinguish *Uribe* from this case by noting that in *Uribe* the charged penalty range was based on a statute which had been declared unconstitutional while the statute relied upon in this case was valid. The court relied upon the principle that appellant had a duty to object at trial or to show egregious harm on appeal.[11] Since appellant did not object at trial and since he did not show egregious harm on appeal, the court decided that his judgment did not merit reversal.

In *Almanza* we observed that when an "accused must claim that error was 'fundamental', he will only obtain a reversal if the error was so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'" Then, in *Uribe*, we observed that "the submission to the jury of a penalty range more severe than that authorized by law deprived the defendant of a fair and impartial trial." However, we did not address the issue of harm analysis application in that case. Thus it might have been logical to assume that in *Uribe* we abdicated the need to conduct harm analysis in the future when *Uribe* type error was shown.

Nevertheless, we do not believe that *Uribe* controls the disposition of this case. In *Uribe* the error complained of in the punishment charge was not limited to the fine which the jury was allowed to impose. The defendant, in that case, complained of the punishment charge as a whole. Additionally, the statute under which the jury was charged, in that case, precluded the jury from sentencing the defendant to a term of confinement of less than 15 years. Had the jury been charged on the correct range of punishment in *Uribe*, they would have had the option to assign a sentence of up to 10 years less than the minimum they were allowed to impose according to the charge they received. The jury charge in *Uribe* precluded that jury from consideration of the full range of punishment authorized by law.

In the instant case, however, the jury was not precluded from considering the full range of punishment authorized by law. The jury here, was merely allowed to consider imposing a fine which was greater than the amount allowed by law. We have no doubt that this constituted error. However, appellant did not object. Consequently, under traditional *Almanza* harm analysis he was required to show that the error was so egregious as to deprive him of a fair and impartial trial.[12]

Since the jury chose to impose a fine which was within the lawful range, and it was not precluded from imposing a lesser fine consistent with the correct punishment statute, we agree with the court of appeals that the error which is complained of here was not so egregious as to deprive appellant of a fair and impartial trial. It did not rise to the level of error which we would consider "fundamental" under post-*Almanza* harm analysis reasoning. It is important to note that post-*Almanza* "fundamental error" is different from pre-*Almanza* "fundamental error." Pre-*Almanza* "fundamental error" didn't "necessarily bear an essential relationship to [a] denial

---

8. *Id.,* at 174.

9. Our opinion on rehearing in *Almanza* was handed down on February 27, 1985 while our opinion in *Uribe* was handed down on April 17, 1985.

10. *Cartwright,* 807 S.W.2d, at 657 citing *Ex Parte White,* 726 S.W.2d 149, 150 (Tex.Crim.App.1987) (In *Ex Parte White* we noted that "[U]ribe was

decided after *Almanza,* but did not mention *Almanza.* When properly presented, this Court may well be faced with a *Uribe* and *Almanza* situation and will have to resolve the conflict if any.")

11. *Almanza,* 686 S.W.2d, at 171.

12. *Almanza,* 686 S.W.2d, at 171.

of a fair and impartial trial."[13] In contrast, however, post-*Almanza* "fundamental error" is defined as "egregious error that creates such harm as to deprive [an] accused of a fair and impartial trial."[14] The error which appellant complains of here is not "fundamental;" it was not so egregious as to deprive appellant of a fair and impartial trial.

We believe that the Court of Appeals acted correctly with respect to this ground of error. In retrospect, we now believe that our holding in *Uribe* was correct but a bit too mechanical. Although we were apparently of the opinion that, the defendant in *Uribe* was deprived of a fair and impartial trial, every case must still be looked at individually when traditional *Almanza* harm analysis is appropriate. To the extent that *Uribe* authorizes reversal of judgments merely because the jury was charged on a penalty range more severe than that authorized by law, we disavow its reasoning. The Court of Appeals correctly relied on our decision in *Almanza*.

Accordingly, after application of the principles set out in *Almanza* to the facts of the instant case, we agree with the court of appeals and find that the error complained of here does not require reversal of the trial court's judgment. Furthermore, we hold that, in the instant case, the error complained of, allowing the jury to consider imposing a monetary fine on appellant which was greater than that allowed by law, was not egregious and did not deprive appellant of a fair and impartial trial. The judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents.

MALONEY, J., not participating.

---

13. *Ex Parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App.1985) (footnote # 2)

