**Opinion filed October 25, 2012**



# In The

# Eleventh Court of Appeals

———————

## No. 11-10-00324-CR

———————

## YRINEO SIMON FLORES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9504-D**

### M E M O R A N D U M   O P I N I O N

The jury convicted Yrineo Simon Flores, appellant, of capital murder. Because the State did not seek the death penalty, the trial court assessed punishment at confinement for life without parole. We affirm.

Appellant presents three points of error on appeal. In the first point, he contends that the trial court erred in refusing to charge the jury on the lesser included offense of murder. In his second point, appellant complains that the trial court improperly commented on the evidence when it applied specific facts to the law of parties in the application paragraph of the jury charge.

In his final point, appellant contends that the trial court abused its discretion in denying his motion for new trial, which was based upon appellant's assertions that the State had presented false evidence regarding the medical examiner.

Appellant does not challenge the sufficiency of the evidence. Therefore, we will briefly summarize the facts. Around 11:30 p.m. on the night of July 9, 2009, appellant drove Santiago Garza Jr. to the apartment where appellant's drug-dealing cousin, Nathaniel Moss Jr., lived with Tina Renee Moreno and two young children. After seeing Moss leave the apartment, Garza and appellant went to the apartment and appellant knocked on the door. Moreno let them in. Garza attacked Moreno by choking her, struggling with her, and eventually slashing her throat with a knife. When Moss returned to the apartment, Garza attacked Moss and demanded that Moss give him money. Garza brutally killed Moss by stabbing him repeatedly with two separate knives. Appellant and Garza took the victims' phones, a PlayStation 3, Moreno's purse, and Moss's money and left the apartment. The pockets of Moss's pants were turned inside out when his body was discovered. The children, who had been injured but whose lives had been spared, remained in the apartment with the bodies until the next afternoon when a family member discovered them. The scene was described by a veteran police detective as bloody and gruesome. Garza's bloody fingerprint was located in the kitchen. Prior to appellant's trial, Garza had been convicted, upon his plea of guilty, of capital murder and had been sentenced to confinement for life without parole. The jury in this case found appellant guilty as a party.

Appellant argues in his first point of error that the trial court erred in refusing to charge the jury on the lesser included offense of murder. The record shows that appellant requested a charge on murder based on his assertion that there was evidence from Garza that the purpose of the meeting with Moss was to arrange a drug deal.

A two-pronged test is used to determine whether a lesser included offense must be included in the jury charge when requested. A charge on a lesser included offense is required if (1) the elements of the lesser offense are established by proof of the same or less than all the facts required to establish the offense charged and (2) there is some evidence that would permit a rational jury to find that, if the accused is guilty, he is guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007) (adopting "cognate-pleadings" approach); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West

2006). With respect to the first prong, an offense is a lesser included offense of another offense under Article 37.09(1) if the indictment for the greater-inclusive offense either (1) alleges all of the elements of the lesser included offense or (2) alleges elements plus facts from which all of the elements of the lesser included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); *Hall*, 225 S.W.3d 524. The resolution of the first prong is a question of law to be determined by looking at the elements and facts alleged in the charging instrument, not the evidence presented at trial. *Hall*, 225 S.W.3d at 535. With respect to the second prong, if evidence from any source raises the issue that a lesser included offense may have been committed and the issue is properly requested, the charge must be given. *Moore v. State*, 574 S.W.2d 122, 124 (Tex. Crim. App. 1978). A defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, regardless of whether it is strong, weak, unimpeached, or contradicted. *Thompson v. State*, 521 S.W.2d 621, 624 (Tex. Crim. App. 1974).

Appellant was charged by indictment with the offense of capital murder in two separate paragraphs. In the first paragraph, appellant was charged with murdering two people during the same criminal transaction. In the second paragraph, appellant was charged with murdering Moss during the course of a robbery. The jury found appellant guilty as charged in the second paragraph. The State concedes that the first prong of the test is satisfied in this case. We agree. *See Young v. State*, 283 S.W.3d 854, 875–76 (Tex. Crim. App. 2009).

For the second prong, we must determine whether there was some evidence from which the jury could have determined that, if appellant was guilty, he was guilty only of the lesser offense of murder. For appellant to be guilty of capital murder as charged in the second paragraph of the indictment, the intent to rob must have been formed before or at the time of the murder. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2012); *see also Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (stating that proof of robbery committed as an afterthought and unrelated to a murder is not sufficient evidence of capital murder). Appellant asserts that the jury could have reasonably found that Garza and appellant simply committed a theft after murdering Moss and that there was evidence indicating that appellant did not have the intent to rob Moss at the time of the murder. If there was evidence that appellant intentionally or knowingly caused Moss's death but lacked the intent to commit a robbery, then he would have been entitled to the requested charge on murder.

Appellant asserts that some evidence was presented indicating that he lacked the intent to commit a robbery; however, with respect to appellant's intent at the time of Moss's murder, this assertion is not supported by the record. Most of the versions of the events as told by Garza and appellant revealed that, before going to the apartment, appellant and Garza had planned to rob Moss. Garza testified, "It was supposed to be a robbery," not a murder. In support of his contention, appellant points to one version as told by Garza in which Garza said he told appellant that he had some "dope connections" and wanted to "scam" Moss. Contrary to appellant's argument, this evidence does not indicate that, at the time of Moss's murder, appellant lacked the intent to rob him. Nothing in the record indicates that the robbery was an afterthought unrelated to the murder. There is no evidence that would permit a rational jury to find that, if appellant was guilty, he was guilty of only murder; murder was not a valid, rational alternative to the charged offense. *See Martinez v. State*, 131 S.W.3d 22, 39 (Tex. App.—San Antonio 2003, no pet.). Thus, the trial court did not err in failing to instruct the jury on the lesser included offense of murder. Appellant's first point of error is overruled.

In the second point of error, appellant contends that the trial court erred by including specific evidentiary facts in the application paragraphs of the jury charge. Appellant asserts that the inclusion of such facts constituted a comment on the weight of the evidence and improperly summed up the State's evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Appellant made no such objection at trial and, thus, argues on appeal that he suffered egregious harm as a result of the alleged error in the jury charge. The record shows that, in one of the application paragraphs, the trial court charged the jury to find appellant guilty if it found that appellant, acting as a party, while in the course of committing robbery, solicited, encouraged, directed, aided, or attempted to aid Garza in the murder of Moss, "if he did, by instructing the said [Garza] to make sure that [Moss] was dead, or by obtaining another knife for [Garza] to stab [Moss] or by sitting or standing on [Moss] while [Garza] retrieved another knife, or by acting as a lookout." Appellant's complaint with respect to the other relevant application paragraph relates to language involving "the carrying out of the conspiracy to rob."

It is proper for a trial court to apply the law of parties to the facts of the case in an application paragraph in a jury charge. *Campbell v. State*, 910 S.W.2d 475, 477 (Tex. Crim. App. 1995); *Romo v. State*, 568 S.W.2d 298, 302–03 (Tex. Crim. App. 1977). However, it is not proper for a trial court to summarize the testimony, discuss the facts, or express an opinion as to

the weight of the evidence. Article 36.14; *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). With few exceptions not applicable in this case, a trial court's charge to the jury should avoid alluding to a particular fact in evidence. *Bartlett*, 270 S.W.3d at 150–52. "Even a seemingly neutral instruction may constitute an impermissible comment on the weight of the evidence because such an instruction singles out that particular piece of evidence for special attention." *Id.* at 152. The trial court's application paragraphs in this case were seemingly neutral but did point out particular pieces of evidence for special attention. Assuming, without deciding, that this was improper, we conclude that the error is not reversible in this case.

Because appellant did not object to the inclusion of specific evidentiary facts in the charge, we must determine whether the error was so egregious as to deprive appellant of a fair and impartial trial. *Cartwright v. State*, 833 S.W.2d 134, 136 (Tex. Crim. App. 1992); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). An egregious harm determination must be based on a finding of actual, rather than theoretical, harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). For actual harm, the charge error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.*; *Almanza*, 686 S.W.2d at 172. The degree of harm is determined by considering the charge; the state of the evidence, including contested issues and the weight of the probative evidence; the parties' arguments; and all other relevant information in the record. *Cosio*, 353 S.W.3d at 777.

In this case, we cannot hold that the inclusion of specific evidentiary facts in the charge deprived appellant of a fair and impartial trial. The jury charge was not inaccurate, and though specific evidentiary facts were mentioned in the charge, the trial court expressed no opinion as to the veracity of such evidence. The inclusion of such evidentiary facts in the charge did not affect the very basis of the case, deprive appellant of a valuable right, or vitally affect a defensive theory but, instead, increased the State's burden. Because we find no egregious harm, we overrule appellant's second point of error.

In his final point of error, appellant asserts that the trial court abused its discretion in denying his motion for new trial. Appellant complained in his motion for new trial that the State had presented "perjured testimony" from Dr. Marc Andrew Krouse, who conducted the autopsies. On appeal, appellant asserts that Dr. Krouse conducted the autopsies in his capacity as an employee of a physicians group rather than in his capacity as the Deputy Chief Medical

Examiner of Tarrant County and that his testimony at trial indicated that he conducted the autopsies as a medical examiner for Tarrant County. The record does not support appellant's contention. Dr. Krouse did not testify that he performed the autopsies in this case as a medical examiner for Tarrant County. Rather, Dr. Krouse testified that he "work[s] as the chief deputy medical examiner in the Tarrant County office where we have death investigation jurisdictions in Tarrant, Denton, Parker, and Johnson Counties." Dr. Krouse explained that Taylor County has no medical examiner and, therefore, cases from Taylor County are usually sent to Fort Worth or Dallas. Dr. Krouse testified that he performed an autopsy on Moss at the request of a justice of the peace from Taylor County. The trial court did not abuse its discretion in denying appellant's motion for new trial. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


October 25, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.