Opinion filed October 25,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00324-CR

                                                    __________

 

                              YRINEO
SIMON FLORES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 9504-D

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The jury
convicted Yrineo Simon Flores, appellant, of capital murder.  Because the State
did not seek the death penalty, the trial court assessed punishment at
confinement for life without parole.  We affirm.  

            Appellant
presents three points of error on appeal.  In the first point, he contends that
the trial court erred in refusing to charge the jury on the lesser included
offense of murder.  In his second point, appellant complains that the trial
court improperly commented on the evidence when it applied specific facts to
the law of parties in the application paragraph of the jury charge.  In his
final point, appellant contends that the trial court abused its discretion in
denying his motion for new trial, which was based upon appellant’s assertions
that the State had presented false evidence regarding the medical examiner.  

            Appellant
does not challenge the sufficiency of the evidence.  Therefore, we will briefly
summarize the facts.  Around 11:30 p.m. on the night of July 9, 2009, appellant
drove Santiago Garza Jr. to the apartment where appellant’s drug-dealing
cousin, Nathaniel Moss Jr., lived with Tina Renee Moreno and two young
children.  After seeing Moss leave the apartment, Garza and appellant went to
the apartment and appellant knocked on the door.  Moreno let them in.  Garza
attacked Moreno by choking her, struggling with her, and eventually slashing
her throat with a knife.  When Moss returned to the apartment, Garza attacked Moss
and demanded that Moss give him money.  Garza brutally killed Moss by stabbing
him repeatedly with two separate knives.  Appellant and Garza took the victims’
phones, a PlayStation 3, Moreno’s purse, and Moss’s money and left the
apartment.  The pockets of Moss’s pants were turned inside out when his body
was discovered.  The children, who had been injured but whose lives had been
spared, remained in the apartment with the bodies until the next afternoon when
a family member discovered them.  The scene was described by a veteran police
detective as bloody and gruesome.  Garza’s bloody fingerprint was located in
the kitchen.  Prior to appellant’s trial, Garza had been convicted, upon his
plea of guilty, of capital murder and had been sentenced to confinement for
life without parole.  The jury in this case found appellant guilty as a party.

Appellant
argues in his first point of error that the trial court erred in refusing to
charge the jury on the lesser included offense of murder.  The record shows
that appellant requested a charge on murder based on his assertion that there
was evidence from Garza that the purpose of the meeting with Moss was to
arrange a drug deal.

A
two-pronged test is used to determine whether a lesser included offense must be
included in the jury charge when requested.  A charge on a lesser included offense is required if (1) the elements of the lesser offense are established by
proof of the same or less than all the facts required to establish the offense
charged and (2) there is some evidence that would permit a rational jury to
find that, if the accused is guilty, he is guilty of only the lesser offense.  Hall
v. State, 225 S.W.3d 524, 526, 535 (Tex. Crim. App. 2007) (adopting
“cognate-pleadings” approach); Rousseau v. State, 855 S.W.2d 666, 672–73
(Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.
Crim. App. 1981); see Tex. Code
Crim. Proc. Ann. art. 37.09 (West 2006).  With respect to the first
prong, an offense is a lesser included offense of another offense under Article 37.09(1) if the
indictment for the greater-inclusive offense either (1) alleges all of the
elements of the lesser included offense or (2) alleges elements plus facts from
which all of the elements of the lesser included offense may be deduced.  Ex
parte Watson, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009); Hall, 225
S.W.3d 524.  The resolution of the first prong is a question of law to be
determined by looking at the elements and facts alleged in the charging
instrument, not the evidence presented at trial.  Hall, 225 S.W.3d at
535.  With respect to the second prong, if evidence from any source raises the
issue that a lesser included offense may have been committed and the issue is
properly requested, the charge must be given.  Moore v. State, 574 S.W.2d
122, 124 (Tex. Crim. App. 1978).  A defendant is entitled to an instruction on
every issue raised by the evidence, whether produced by the State or the
defendant, regardless of whether it is strong, weak, unimpeached, or
contradicted.  Thompson v. State, 521 S.W.2d 621, 624 (Tex. Crim. App.
1974).  

Appellant
was charged by indictment with the offense of capital murder in two separate
paragraphs.  In the first paragraph, appellant was charged with murdering two
people during the same criminal transaction.  In the second paragraph, appellant
was charged with murdering Moss during the course of a robbery.  The jury found
appellant guilty as charged in the second paragraph.  The State concedes that
the first prong of the test is satisfied in this case.  We agree.  See Young
v. State, 283 S.W.3d 854, 875–76 (Tex. Crim. App. 2009).  

For
the second prong, we must determine whether there was some evidence from which
the jury could have determined that, if appellant was guilty, he was guilty
only of the lesser offense of murder.  For appellant to be guilty of capital
murder as charged in the second paragraph of the indictment, the intent to rob must
have been formed before or at the time of the murder.  See Tex. Penal Code Ann. § 19.03(a)(2)
(West Supp. 2012); see also Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001) (stating that proof of robbery committed as an afterthought
and unrelated to a murder is not sufficient evidence of capital murder).  Appellant
asserts that the jury could have reasonably found that Garza and appellant
simply committed a theft after murdering Moss and that there was evidence
indicating that appellant did not have the intent to rob Moss at the time of
the murder.  If there was evidence that appellant intentionally or knowingly
caused Moss’s death but lacked the intent to commit a robbery, then he would
have been entitled to the requested charge on murder.  

Appellant
asserts that some evidence was presented indicating that he lacked the intent
to commit a robbery; however, with respect to appellant’s intent at the time of
Moss’s murder, this assertion is not supported by the record.  Most of the
versions of the events as told by Garza and appellant revealed that, before
going to the apartment, appellant and Garza had planned to rob Moss.  Garza
testified, “It was supposed to be a robbery,” not a murder.  In support of his
contention, appellant points to one version as told by Garza in which Garza
said he told appellant that he had some “dope connections” and wanted to “scam”
Moss.  Contrary to appellant’s argument, this evidence does not indicate that,
at the time of Moss’s murder, appellant lacked the intent to rob him.  Nothing
in the record indicates that the robbery was an afterthought unrelated to the
murder.  There is no evidence that would permit a rational jury to find that,
if appellant was guilty, he was guilty of only murder; murder was not a valid,
rational alternative to the charged offense.  See Martinez v. State, 131
S.W.3d 22, 39 (Tex. App.—San Antonio 2003, no pet.).  Thus, the trial court did
not err in failing to instruct the jury on the lesser included offense of
murder.  Appellant’s first point of error is overruled.  

In
the second point of error, appellant contends that the trial court erred by
including specific evidentiary facts in the application paragraphs of the jury
charge.  Appellant asserts that the inclusion of such facts constituted a
comment on the weight of the evidence and improperly summed up the State’s
evidence.  See Tex. Code Crim.
Proc. Ann. art. 36.14 (West 2007).  Appellant made no such objection at
trial and, thus, argues on appeal that he suffered egregious harm as a result
of the alleged error in the jury charge.  The record shows that, in one of the
application paragraphs, the trial court charged the jury to find appellant
guilty if it found that appellant, acting as a party, while in the course of
committing robbery, solicited, encouraged, directed, aided, or attempted to aid
Garza in the murder of Moss, “if he did, by instructing the said [Garza] to
make sure that [Moss] was dead, or by obtaining another knife for [Garza] to
stab [Moss] or by sitting or standing on [Moss] while [Garza] retrieved another
knife, or by acting as a lookout.”  Appellant’s complaint with respect to the
other relevant application paragraph relates to language involving “the
carrying out of the conspiracy to rob.”

It
is proper for a trial court to apply the law of parties to the facts of the
case in an application paragraph in a jury charge.  Campbell v. State,
910 S.W.2d 475, 477 (Tex. Crim. App. 1995); Romo v. State, 568 S.W.2d
298, 302–03 (Tex. Crim. App. 1977).  However, it is not proper for a trial
court to summarize the testimony, discuss the facts, or express an opinion as
to the weight of the evidence.  Article 36.14; Bartlett v. State, 270
S.W.3d 147, 150 (Tex. Crim. App. 2008).  With few exceptions not applicable in
this case, a trial court’s charge to the jury should avoid alluding to a
particular fact in evidence.  Bartlett, 270 S.W.3d at 150–52.  “Even a
seemingly neutral instruction may constitute an impermissible comment on the
weight of the evidence because such an instruction singles out that particular
piece of evidence for special attention.”  Id. at 152.  The trial
court’s application paragraphs in this case were seemingly neutral but did
point out particular pieces of evidence for special attention.  Assuming,
without deciding, that this was improper, we conclude that the error is not reversible
in this case.  

Because
appellant did not object to the inclusion of specific evidentiary facts in the
charge, we must determine whether the error was so egregious as to deprive
appellant of a fair and impartial trial.  Cartwright v. State, 833 S.W.2d
134, 136 (Tex. Crim. App. 1992); Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985).  An egregious harm determination must be based on a
finding of actual, rather than theoretical, harm.  Cosio v. State, 353
S.W.3d 766, 777 (Tex. Crim. App. 2011).  For actual harm, the charge error must
have affected the very basis of the case, deprived the defendant of a valuable
right, or vitally affected a defensive theory.  Id.; Almanza, 686
S.W.2d at 172.  The degree of harm is determined by considering the charge; the
state of the evidence, including contested issues and the weight of the
probative evidence; the parties’ arguments; and all other relevant information
in the record.  Cosio, 353 S.W.3d at 777. 

In
this case, we cannot hold that the inclusion of specific evidentiary facts in
the charge deprived appellant of a fair and impartial trial.  The jury charge
was not inaccurate, and though specific evidentiary facts were mentioned in the
charge, the trial court expressed no opinion as to the veracity of such
evidence.  The inclusion of such evidentiary facts in the charge did not affect
the very basis of the case, deprive appellant of a valuable right, or vitally
affect a defensive theory but, instead, increased the State’s burden.  Because
we find no egregious harm, we overrule appellant’s second point of error.  

In
his final point of error, appellant asserts that the trial court abused its
discretion in denying his motion for new trial.  Appellant complained in his
motion for new trial that the State had presented “perjured testimony” from Dr.
Marc Andrew Krouse, who conducted the autopsies.  On appeal, appellant asserts
that Dr. Krouse conducted the autopsies in his capacity as an employee of a
physicians group rather than in his capacity as the Deputy Chief Medical
Examiner of Tarrant County and that his testimony at trial indicated that he conducted
the autopsies as a medical examiner for Tarrant County.  The record does not
support appellant’s contention.  Dr. Krouse did not testify that he performed
the autopsies in this case as a medical examiner for Tarrant County.  Rather,
Dr. Krouse testified that he “work[s] as the chief deputy medical examiner in
the Tarrant County office where we have death investigation jurisdictions in
Tarrant, Denton, Parker, and Johnson Counties.”  Dr. Krouse explained that
Taylor County has no medical examiner and, therefore, cases from Taylor County
are usually sent to Fort Worth or Dallas.  Dr. Krouse testified that he
performed an autopsy on Moss at the request of a justice of the peace from
Taylor County.  The trial court did not abuse its discretion in denying appellant’s
motion for new trial.  Appellant’s third point of error is overruled.

The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

October 25, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]









[1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.  





 

[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.