**Opinion issued October 8, 2019.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-00669-CR**

———————————

**EDDIE RANDLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 17-CR-1399**

---

**MEMORANDUM OPINION**

A jury convicted appellant, Eddie Randle, of aggravated assault with a deadly weapon and assessed his punishment at nine years' incarceration. On appeal, appellant contends that he suffered egregious harm because an incorrect jury

instruction omitted the possibility of assessing a fine. Specifically, appellant argues that egregious harm occurred because the error deprived the jury of the ability to substitute a fine for a less severe prison sentence.

We affirm the trial court's judgment.

## Background

It is undisputed that appellant stabbed the complainant with a knife. The issues raised at trial were whether appellant acted in self-defense and where the stabbing took place. Appellant stated that the stabbing occurred inside his house while the State countered that it occurred outside. After two hours of deliberations, the jury sent a note asking whether the driveway was part of the house. An hour after receiving a reply from the trial court, the jury sent a second note informing the court that they were unable to reach a unanimous verdict. The trial court instructed the jury to continue deliberating. The jury ultimately found appellant guilty of the charged offense, aggravated assault with a deadly weapon.

During the punishment phase, appellant pleaded "true" to the enhancement paragraph alleging that he had previously been convicted of the felony offense of aggravated assault with a deadly weapon. Appellant was sentenced to seven years' incarceration for that offense. The State also offered evidence of appellant's other prior convictions.

After both sides rested, the trial court read the punishment charge to the jury. No objection was raised. Although the charge omitted any instruction regarding the possibility of a fine, the verdict form contained blank spaces allowing the jury to assess a fine against appellant as part of his punishment, in addition to confinement. The trial court also verbally instructed the jury that it could impose a fine of up to ten thousand dollars in addition to prison time. During closing argument, appellant's counsel asked the jury to disregard the fine because appellant was not a man of means, and the State told the jury that it was not asking them to assess a fine against appellant as part of his punishment. After the jury sent a note to the trial court indicating that they were having difficulty reaching a unanimous verdict, the trial court instructed the jury to continue deliberating. The jury subsequently assessed appellant's punishment at nine years' incarceration and a fine of $"0."

**Jury Charge Error**

In his sole issue, appellant argues that the jury charge was erroneous because it failed to instruct the jury on the full range of punishment, i.e., it did not instruct the jury that it could assess a fine against appellant of up to ten thousand dollars as part of his punishment. Appellant did not object to the charge at trial.

## A.    Standard of Review and Applicable Law

When a defendant does not object to an incorrect charge, reversal is required if the error results in egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.

3

Crim. App. 1984). An error is egregious if it results in a defendant receiving a trial that is not fair and impartial. *Id.* Egregious harm occurs when the incorrect jury charge affected the basis of the case, deprived the defendant of a valuable right, or vitally affected a theory of the defense. *De la Luz Torres v. State*, 570 S.W.3d 874, 880 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). The analysis involves looking at four factors: (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the arguments of counsel; and (4) any other relevant information from the trial record. *Id.* (citing *Villareal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015)). *Almanza* harm analysis is done on a case-by-case basis. *Cartwright v. State*, 833 S.W.2d 134, 137 (Tex. Crim. App. 1992). Harm is generally not egregious when the punishment given is within the lawful range and the jury was not precluded from imposing a lesser fine. *Id.* at 136.

Aggravated assault with a deadly weapon is a second-degree felony. TEX. PENAL CODE § 22.02(b). With one enhancement paragraph, the punishment is elevated to a first-degree felony. *Id.* § 12.42(b). The punishment range for a first-degree felony is five to ninety-nine years, or life in prison, and a fine of up to ten thousand dollars. *Id.* § 12.32.

4

**B.** *Almanza* **Harm Analysis**

**1. Entirety of the Charge**

To evaluate if egregious harm occurred, we first look to the jury charge itself. The written jury instructions were incorrect as they omitted reference to the possibility of a fine. However, this error was mitigated by the trial court's accurate verbal instruction that the jury could impose a fine of up to ten thousand dollars. The harm was further attenuated because the verdict form included a blank space for the jury to assess a fine. Finally, we can infer the jury saw the blank because the jury wrote "0" in the space. Thus, the jury charge, taken as a whole, strongly suggests that the jury understood the possibility of assessing a fine. This weighs against finding egregious harm.

**2. Arguments of Counsel**

We also consider the arguments of counsel. In their closing arguments during the punishment phase, the State and appellant's counsel referred to the possibility of a fine. Furthermore, both argued against assessing a fine. Counsels' combined accurate representations of the law in conjunction with the trial court's verbal instructions favor a finding of no egregious harm. *See Gelinas v. State*, 398 S.W.3d 703, 708 (Tex. Crim. App. 2013) (holding arguments of counsel weighed "significantly in favor of a finding of no egregious harm" when both sides argued correct law to jury); *see also Ashton v. State*, 526 S.W.3d 490, 500–01 (Tex. App.—

5

Houston [1st Dist.] 2017, pet ref'd) (indicating that arguments of counsel ameliorating charge error weigh against finding of egregious harm). Counsels' arguments appear to have been heeded as the jury affirmatively chose to not impose a fine. This also raises the strong possibility that even if there had been no error in the charge, the jury would not have assessed a fine based on counsels' arguments. Thus, this factor also weighs against finding egregious harm.

### 3. Other Relevant Information in the Record

Appellant argues that the jury's notes to the court during guilt/innocence and punishment deliberations indicate that the jury struggled to reach unanimous verdicts and is evidence that the jury might have been willing to consider imposing a fine in exchange for reducing the length of appellant's sentence. There is nothing to suggest that the jury might have considered this trade-off had the written charge been correct. The jury could have just as easily believed that assessing no fine was to appellant's advantage. This factor does not weigh in favor of finding egregious harm.

### 4. Conclusion

No factor weighs in favor of finding egregious harm. After reviewing the record in its entirety, we cannot say that appellant was egregiously harmed by the absence of a written instruction regarding the fine.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

Do Not Publish.   TEX. R. APP. P. 47.2(b).