# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00025-CR

**James Timothy Brinson Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-06-762, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant James Timothy Brinson, Jr., was placed on ten years' deferred-adjudication community supervision ("probation") after he pled guilty to two counts of indecency with a child by sexual contact, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d) (West Supp. 2009). The trial court later revoked Brinson's probation, adjudicated him guilty, and assessed his punishment at seven years' imprisonment. On appeal, Brinson complains of ineffective assistance of counsel at the hearing on the State's motion to adjudicate guilt. Because we conclude that Brinson has failed to prove that his trial counsel provided ineffective assistance, we affirm the trial court's judgment.

## BACKGROUND

Brinson pled guilty to two counts of indecency with a child by sexual contact in a case involving his nine-year-old daughter. Pursuant to a plea agreement, the trial court deferred an

adjudication of guilt and placed Brinson on probation for ten years. At the sentencing hearing on August 22, 2007, Brinson's probation officer informed him that he was to report directly to the probation department after leaving the hearing. Brinson did not report to the probation department as instructed but called later in the day to tell his probation officer that he was on his way back to his home in Louisiana. The probation officer told him that a warrant would be issued for his arrest if he did not report to the probation department the following day. Brinson called his probation officer the following day but did not report to the probation department until the day after that, on August 24, 2007.

The State filed a motion to revoke Brinson's probation and to adjudicate guilt, alleging that Brinson violated the terms and conditions of his probation. Specifically, the State alleged that Brinson: (1) failed to obey all orders of the court and probation officer; (2) failed to report to his probation officer on August 22 and 23 of 2007; and (3) failed to remain within Hays County during his term of probation except by permission of his probation officer.[1]

The court held a hearing on the motion in October 2007. At the hearing, Brinson's counsel admitted that Brinson failed to report to the probation department on August 22 and 23 but asserted several times that Brinson had legal justification for his nonappearance and wanted an opportunity to present his explanation. The trial court informed Brinson that he had to plead true or not true to the State's allegations in order for the court to proceed. Brinson pled true to both allegations.

---

[1] The State ultimately abandoned its third allegation.

After the trial court asked Brinson a series of questions regarding his plea, the court accepted the plea, finding that it was freely and voluntarily given. Brinson then called witnesses to testify as to his reasons for failing to appear at the probation department. After hearing the witnesses' testimony, the trial court adjudicated Brinson guilty and set a sentencing hearing for the following day. At the sentencing hearing, the trial court assessed punishment at seven years' imprisonment. Brinson filed a motion for new trial, alleging generally that his trial counsel was ineffective. At a hearing on the motion, Brinson's counsel did not address Brinson's claim of ineffective assistance but addressed other points not mentioned in the motion. At the close of the hearing, the trial court denied the motion. Brinson appeals from the trial court's judgment.

**DISCUSSION**

In his sole issue on appeal, Brinson contends that his trial counsel's advice that he plead true to the allegations set forth in the State's motion to adjudicate guilt constitutes ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting *Strickland* two-prong test). To establish deficient performance as a matter of law under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *See Strickland*, 466 U.S. at 689; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A defendant establishes prejudice under the second prong if he shows that a reasonable probability exists that, but for the deficient performance, the outcome of the proceeding would have

3

been different. *See Strickland*, 466 U.S. at 694; *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

It is the defendant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the wide range of reasonable professional assistance. *Id*. We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case. *Id*. In most cases, an undeveloped record on direct appeal is insufficient to satisfy the requirements of *Strickland* because the reasonableness of counsel's decisions often involves facts not appearing in the appellate record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Without evidence of the strategy and methods involved concerning counsel's actions at trial, an appellate court should presume a sound trial strategy. *See Thompson*, 9 S.W.3d at 814.

Brinson asserts that trial counsel's advice that Brinson plead true to the State's allegations that he failed to follow orders and failed to report to the probation department was deficient because the plea of true, standing alone, was sufficient to support an adjudication of guilt and denied Brinson the opportunity to present his defense of impossibility. We agree with Brinson that a plea of true, by itself, is sufficient to support an adjudication of guilt. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). However, we disagree with Brinson's claims that his trial counsel's advice that he plead true to the State's allegations was an error or that pleading true prevents a defendant from raising a defensive issue.

4

At the hearing on the State's motion to adjudicate Brinson guilty, Brinson's counsel made it clear to the trial court that although Brinson admitted that he did not report to the probation department on August 22 and 23, he wanted an opportunity to explain the "legal justification" for his nonappearance. In a discussion with the State's attorney and the trial court regarding whether Brinson would plead true to the State's allegations, Brinson's counsel made the following comments to the trial court:

> [Brinson] did not appear on those dates, on the 22nd and 23rd, but I don't—he has legal justification for nonappearance; I don't want to waive that.
>
> [W]hat we're saying is we were ordered to report on the 22nd and 23rd and we didn't make those and, therefore—but we reserve the right to provide legal justification of why, and it really has nothing to do with probation.
>
> [W]hat we're basically saying is—by stipulating is, we didn't report on the dates we were supposed to but we feel that we want to explain why we didn't report on those dates.

The State's attorney argued that Brinson's proposed evidence addressed the issue of mitigation rather than justification and that the State was entitled to a plea of true or not true from Brinson so that it could determine whether it had to put on evidence. The trial court agreed, informing Brinson's counsel that Brinson had to plead either true or not true to the State's allegations in order for the trial court to proceed. Brinson pled true to the allegations, and the trial court then allowed Brinson to present evidence explaining why he did not report to the probation department on August 22 and 23, including testimony from Brinson's nephew, mother, and probation officer.

Brinson does not dispute that he did not report to the probation department on August 22 or 23 as ordered by his probation officer. Thus, the State's allegations that Brinson failed to obey orders and failed to report to his probation officer were in fact true, and Brinson does not

5

cite, nor have we found, any authority for the proposition that counsel's advice for Brinson to plead true to allegations that were in fact true was an error or constituted deficient performance. In addition, Brinson does not cite, and we have not found, any legal authority for the proposition that a plea of true prohibits the consideration of a defensive issue or that an attorney commits an error if he advises a defendant to plead true to the State's allegations when the defendant alleges an explanation for his conduct. To the contrary, a trial court must consider all of the evidence presented, including defensive issues, before it makes its findings in a probation-revocation proceeding. *See Cole*, 578 S.W.2d at 128. Because Brinson does not cite to any legal authority that supports his allegations, he has failed to prove by a preponderance of evidence that his counsel's performance was deficient.

Even assuming that his counsel's performance was deficient, however, Brinson fails to prove the second element of his claim: that counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Strickland*, 466 U.S. at 687-88. As previously stated, for Brinson to establish the second element of his claim, he must show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *See id*. at 694. But Brinson makes no showing of a reasonable probability that the proceeding would have been different if not for his pleas of true. In fact, as previously stated, rather than simply adjudicating Brinson guilty after Brinson pled true to the State's allegations, the trial court allowed him to present evidence of his reasons for not reporting to the probation department.

Specifically, Brinson called his nephew, mother, and probation officer as witnesses. His nephew, Timothy Brinson ("Timothy"), testified that he drove Brinson from Brinson's home in

6

Louisiana to his sentencing hearing in San Marcos on August 22, 2007, because Brinson's license had expired. After Brinson was sentenced at the hearing at about noon on August 22, Brinson asked Timothy to drive him to the probation department, and Timothy agreed to do so. Timothy testified that one of the tires on his car "popped" on the way to the probation department. He testified that he did not have a spare tire with him and that he and Brinson had to wait several hours before a person eventually stopped and gave them a spare tire. By then, it was about 5:30 p.m. After installing the spare tire, they drove back to Louisiana, arriving at about 11:00 or 11:30 p.m. that night. Timothy testified that Brinson asked him to take him back to the probation department in San Marcos the following day, on August 23, but Timothy could not do so because one of his other uncles needed his help that day. Brinson then asked Timothy if he would drive him on August 24, and Timothy agreed to do so. Upon their arrival in San Marcos on August 24, Brinson was arrested.

Brinson's mother testified that Brinson left his home in Louisiana on August 22 to go to his sentencing hearing in San Marcos. She testified that he returned home at about 11:30 p.m. or 12:00 a.m. that night. She also testified that Brinson received disability benefits because he had only one leg. Brinson's probation officer, Jim Ortiz, testified that he was present at Brinson's sentencing hearing and that he ordered Brinson to go directly to the probation department after the hearing. Ortiz testified that Brinson did not report to the probation department but called him later in the day and told him that he was on his way back to Louisiana. Ortiz could not remember whether Brinson mentioned a flat tire. Ortiz told Brinson that a warrant would be issued for his arrest if he did not appear at the probation department on the following day, which was August 23. Brinson indicated that he understood and that he would be there the following day. Ortiz testified that Brinson did not appear the next day but called instead. Ortiz did not testify as to what Brinson told

7

him over the phone. Brinson reported to the probation department on the day after that, which was August 24. At the close of the testimony, the trial court adjudicated Brinson guilty.[2]

Because the trial court allowed Brinson to present evidence explaining his failure to report to the probation department, Brinson fails to establish a reasonable probability that pleading not true to the State's allegations would have led to a different result. Accordingly, even if he had proven that his counsel's performance was deficient, he still does not prove that he was prejudiced by his counsel's actions.

## CONCLUSION

Because Brinson fails to prove by a preponderance of the evidence that his trial counsel provided ineffective assistance, we affirm the trial court's judgment.

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   January 22, 2010

Do Not Publish

---

[2] The record shows that the trial court considered all of Brinson's evidence but did not find it credible. Specifically, at the sentencing hearing, the trial judge stated that he "certainly [did] not believe any of the reasons why [Brinson] didn't show up at the probation office." At a probation hearing such as the one here, the trial court is the sole trier of fact and determines the credibility of the witnesses. *See Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex. Crim. App. 1986); *Armstrong v. State*, 134 S.W.3d 860, 862 (Tex. App.—Texarkana 2004, pet. ref'd).

8