**Affirmed and Memorandum Opinion filed November 3, 2011**



In The

# Fourteenth Court of Appeals

---

NO. 14-10-00954-CR

---

**VINCENT THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1220875**

---

## MEMORANDUM OPINION

Appellant Vincent Thomas pleaded guilty to aggravated robbery and was sentenced to eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Subsequently, Thomas retained new counsel and filed a motion for new trial in which he alleged that his trial counsel was ineffective. The trial court denied that motion. We affirm.

I

Thomas was indicted for the felony offense of aggravated robbery. He pleaded guilty without an agreed recommendation on punishment. After admonishing appellant, the trial court accepted his guilty plea and continued the proceedings so a presentence investigation could be conducted. The trial court later considered the presentence-investigation report—which included letters from Thomas and his mother as well as the written statements of several character witnesses—and sentenced Thomas to eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Thomas retained new counsel and filed a motion for new trial, alleging six ways in which trial counsel had been ineffective. The trial court heard the motion and, at the conclusion of the hearing, denied it. This appeal followed.

On appeal, Thomas complains that his trial counsel (1) failed to fully investigate and present mitigating testimony at sentencing, (2) advised Thomas he would receive a lighter prison sentence than the one he received, and (3) failed to present evidence of Thomas's mental-health issues at sentencing.

II

A

Though Thomas does not directly frame his appeal as an appeal from the trial court's denial of his motion for new trial, because the trial court has already denied the merits of his ineffective-assistance claim, we must consider his arguments in light of that ruling. We review a trial court's denial of a motion for new trial for abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* Tex. R. App. P. 21.8(b), *as recognized by State v. Herndon*, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007). Accordingly, when analyzing the trial court's decision to deny a new trial based on ineffective assistance of counsel, we view the relevant legal standards through an abuse-of-discretion standard. *See Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.). We do not substitute our

judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Charles*, 146 S.W.3d 208. We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were so made. *Id.* Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

An accused is entitled to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *King v. State,* 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. *See Mallett v. State,* 65 S.W.3d 59, 62 (Tex. Crim. App. 2001). To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland,* 466 U.S. at 687; *Mallett,* 65 S.W.3d at 62–63. If a criminal defendant can prove that trial counsel's performance was deficient, he must still affirmatively prove that counsel's actions prejudiced him. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To demonstrate prejudice, a defendant must establish a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett,* 65 S.W.3d at 63.

When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson,* 9 S.W.3d at 813. In making such an evaluation, any judicial review must be highly deferential to trial counsel and avoid the distorting effects of hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). Accordingly, there is a strong presumption that counsel's conduct fell within

3

a wide range of reasonable representation. *Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson,* 9 S.W.3d at 813 (citing *Cannon v. State,* 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). But, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as he did. *Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

B

We address Thomas's assertions in order. First, he contends that trial counsel did not investigate fully or present mitigating testimony at sentencing. The presentence-investigation report contained written statements of the character witnesses whom trial counsel declined to present for oral testimony, and Thomas does not show how the inclusion of written statements instead of oral testimony has prejudiced him. Without such a showing, we conclude that, even if trial counsel was deficient in his representation, the trial court was within its discretion to deny Thomas a new trial. *See Strickland,* 466 U.S. at 687; *Mallett,* 65 S.W.3d at 62–63.

Second, Thomas argues that his trial counsel promised him a lighter sentence than the one he received. In an affidavit before the trial court in the motion for new trial, Thomas's trial counsel denies making any such promises, and the record shows that Thomas was admonished by the court on the entire range of punishment. In light of this fact, any promises allegedly made by trial counsel were non-prejudicial. *See West v.*

*State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986) ("[T]he plea is not involuntary just because the sentence exceeded what appellant expected, even if the expectation was raised by his attorney."). The trial court did not abuse its discretion in denying Thomas's motion for new trial. *See Strickland,* 466 U.S. at 687; *Mallett,* 65 S.W.3d at 62–63.

Third, Thomas contends that trial counsel failed to present evidence of Thomas's mental-health issues at the punishment phase. The only evidence pertaining to Thomas's mental health is an uncorroborated affidavit from his mother explaining that several of Thomas's family members suffered from mental illnesses.[1] Nothing in the record or in Thomas's brief indicates that Thomas himself has ever suffered from a mental illness, much less that he was suffering from a mental illness at the time of the events that resulted in his guilty plea. To the contrary, Thomas's mother testified at the punishment phase and relayed that Thomas was "not a problem at home or a problem with society or school or anything" and that "he's a normal teenager growing up." Thus, even if trial counsel was deficient in his presentation to the court of Thomas's mental-health issues, we can only speculate as to any effect it would have had on Thomas's sentencing. Such speculation is impermissible. *See Ex parte Cash,* 178 S.W.3d 816, 818–19 (Tex. Crim. App. 2005) (holding that a defendant cannot satisfy the second prong of *Strickland* "based on pure conjecture and speculation") (citing *Strickland,* 466 U.S. at 693 (stating that it is not enough for a defendant to show that counsel's errors has some conceivable effect on the outcome of the proceeding)). Accordingly, here again, we conclude that the trial court remained within the bounds of its discretion when it denied Thomas's motion for new trial. *See Strickland,* 466 U.S. at 687; *Mallett,* 65 S.W.3d at 62–63.

---

[1] To the extent Thomas is complaining about "mental problems" arising from a depression over being homeless as he grew up, these facts were before the trial court during the punishment phase from both Thomas and his mother.

\* \* \*

For the foregoing reasons, we affirm the trial court's order denying the motion for a new trial.

/s/    Jeffrey V. Brown
        Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).