**Opinion issued December 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00307-CR

———————————

**FIDENCIO JAIME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1272119**

---

## MEMORANDUM OPINION

Appellant, Fidencio Jaime, pleaded guilty without an agreed

recommendation on punishment to the offense of possession with intent to deliver

a controlled substance, namely, methamphetamine, weighing at least 400 grams.[1] The trial court found appellant guilty and assessed his punishment at thirty-five years' confinement and a $100 fine. On appeal, appellant argues in four points of error that he was denied effective assistance of counsel because his trial counsel: (1) failed to present a timely motion for continuance, (2) failed to present mitigation evidence at his sentencing hearing, and (3) failed to pursue rulings on any pretrial motions, and because (4) the cumulative impact of his trial counsel's failures violated his constitutional right to effective assistance of counsel.

We affirm.

## Background

Appellant was indicted for possession with intent to deliver at least 400 grams of methamphetamine. On July 30, 2010, the trial court appointed Diana Olvera to represent appellant in the trial court. On October 1, 2010, appellant moved pro se to dismiss Olvera and to appoint new counsel to act on his behalf. Appellant retained new counsel, and, on October 12, 2010, Paula Miller filed a motion on appellant's behalf asking that Miller and Robert A. Jones be substituted for Olvera. That same day, the trial court granted Miller's motion.

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.112 (Vernon 2010).

On December 15, 2010, Miller filed more than twenty pretrial motions on appellant's behalf.[2] The trial court did not rule on any of these motions.

On January 20, 2011, appellant entered a guilty plea and signed and initialed the written admonishments of the trial court. The trial court also admonished appellant, on the record in open court, regarding appellant's desire to waive his right to a jury trial and to plead guilty. Appellant stated that he had enough time to consult with his counsel, and he informed the trial court that he been treated for depression. Miller told the trial court that appellant appeared competent to stand trial, and the trial court found on the record that appellant was competent to stand trial. The trial court also expressly admonished appellant that "filing a motion requesting community supervision in no way guarantees or entitles you to a probated sentence," and it advised appellant on the record that the punishment

---

[2] Miller moved for production of information concerning the State's witness; for production and inspection of evidence which may lead to exculpatory evidence; to allow the jury to assess punishment; to suppress illegally-seized evidence; to suppress appellant's statement; for discovery and inspection of evidence; to designate the location of physical evidence; for disclosure of impeachment information; for disclosure of documents used before the trier of facts or used to refresh the witness's memory; to view and record the videotape of appellant's interrogation; to obtain a list of witnesses and their criminal histories; for discovery of corroborative evidence to accomplice testimony; and to require the State to reveal any agreement between itself and any prosecution witness that could conceivably influence testimony. Miller also filed eight motions in limine, a request under Texas Rule of Evidence 404(b) for notice of intent to offer evidence of extraneous conduct and a written objection to the admissibility of extraneous offenses, and a request for notice of the prosecution's intent to use certified copies of official written instruments.

range for the offense was between fifteen and ninety-nine years and a fine not to exceed $250,000.

The court reset appellant's case to March 31, 2011 so that a presentence investigation ("PSI") could be completed. The trial court stated, "Anything that you want the Court to consider in sentencing for this matter must be provided to the PSI writer or to the Court no later than ten days before this sentencing date. That would be March 23rd. If you bring it in on March 30th, it's not going to be considered."

On March 30, 2011, appellant's counsel, Miller, moved for a continuance of the PSI hearing, stating that "[d]efendant's counsel has not received all information requested by subpoenas and other requested information needed to adequately prepare for PSI hearing in the interest of justice." Miller attempted to present the motion for continuance to the trial court on that same day, and the trial court informed her that it would not hear the motion in the absence of the defendant and opposing counsel and told counsel to present the motion at the hearing scheduled for the following day.

The trial court held the sentencing hearing on March 31, 2011. Appellant, through his trial counsel, Miller, objected to the PSI report on the ground that the report mistakenly stated that he was charged with possession of 1.9 grams of marijuana in addition to methamphetamine. The trial court pointed out that the

4

report "said they recovered 1.9 grams of marijuana. It doesn't say he was charged with it at all." Appellant's counsel also objected to portions of the offense report contained in the PSI. In response, the trial court stated that appellant had failed to provide a statement of the offense to the PSI writer, but he could testify at the hearing to provide his version of the offense to the trial court. Appellant testified that he wanted to "take full responsibility for his actions on the charge." He also testified regarding his "current health conditions," including sleep apnea, depression, and "[his] nerves and [his] heart." He testified that if he were granted probation, he would "stay away from problems like this" and stay away from people "that are doing wrong things."

Appellant testified that he had two prior convictions for the possession and sale of narcotics and that he had been arrested for injury to a child. He also testified that he had served four years of his five-year probation sentence for money laundering before this case arose.

The trial court recounted appellant's extensive criminal background, including two previous convictions for possession of narcotics and arrests for drug trafficking, driving while intoxicated, money laundering, injury to a child, assault on a family member, and terroristic threat. It assessed his punishment at confinement for thirty-five years and a $100 fine.

After the trial court had pronounced appellant's sentence, appellant's counsel presented the motion for continuance. The trial court held a hearing on the record and asked appellant's counsel "what efforts [she had] made since January [to obtain the subpoenaed documents], because nothing [was] set forth in your motion." The trial court stated that the motion was "untimely presented" and "unable to be considered."

Appellant's counsel, Miller, filed appellant's notice of appeal on March 31, 2011. That same day, Miller moved to withdraw from representing appellant, and the trial court appointed appellate counsel to represent appellant. Appellant filed a pro se motion for new trial on May 1, 2011. Appellant argued that "during the hearing upon [his] motion for continuance, counsel brought to the trial court's attention several subpoenas . . . filed in January of 2011 requesting issuance of compulsory process and production of" various medical records. He referenced the trial court's lack of "interest in a further delay of the PSI hearing" and its "denial" of the motion for continuance. The motion for new trial argued, among other issues, that the trial court erred in denying the motion for continuance, thereby denying appellant the right to present a complete defense, including presenting mitigating evidence of appellant's mental condition. The motion for new trial did not, however, assert ineffective assistance of trial counsel.

Attached as exhibits to the motion for new trial were a copy of the PSI report, the applications for subpoenas obtained by Miller, written objections to the PSI signed by Miller, and records indicating that appellant was seen in a health clinic in June 2010, where he was diagnosed with schizophrenia and bipolar disorder. The motion for new trial was overruled by operation of law.

## Ineffective Assistance of Counsel

In his first four points of error, appellant argues that he received ineffective assistance of counsel during his sentencing.

To make a showing of ineffective assistance of counsel, an appellant must demonstrate that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008). The appellant must prove ineffectiveness by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). "Failure of appellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance." *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An

7

appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

The appellant must first show that his counsel's performance fell below an objective standard of reasonableness. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The second prong of *Strickland* requires the appellant to demonstrate prejudice—"a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, therefore, the appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams*, 301 S.W.3d at 687. Our review is highly deferential to counsel, and we do not speculate regarding counsel's trial strategy. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To prevail, the appellant must provide an appellate record that affirmatively demonstrates that counsel's performance was not based on sound strategy. *Mallett*

*v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see Thompson*, 9 S.W.3d at 813 (holding that record must affirmatively demonstrate alleged ineffectiveness).

In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Mallett*, 65 S.W.3d at 63. Because the reasonableness of trial counsel's choices often involves facts that do not appear in the appellate record, the Court of Criminal Appeals has stated that trial counsel should ordinarily be given an opportunity to explain his or her actions before a court reviews that record and concludes that counsel was ineffective. *See Rylander*, 101 S.W.3d at 111; *Bone*, 77 S.W.3d at 836; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

The United States Supreme Court has reiterated the importance of an adequate record in ineffective assistance cases, holding that ineffective assistance of counsel claims may be brought in a collateral proceeding because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S. Ct. 1690, 1694 (2003). The Supreme Court reasoned:

> Under [*Strickland*], a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial. The evidence introduced at

trial, however, will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the *Strickland* analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them. And evidence of alleged conflicts of interest might be found only in attorney-client correspondence or other documents that, in the typical criminal trial, are not introduced. Without additional factual development, moreover, an appellate court may not be able to ascertain whether the alleged error was prejudicial.

*Id.* at 505, 123 S. Ct. at 1694 (internal citations omitted).

Appellant argues that his trial counsel was ineffective because she failed to present mitigation witnesses or mitigation evidence in the punishment hearing, failed to present a motion for continuance of the punishment hearing in a timely manner, and failed to seek trial court rulings on her various pretrial motions. Appellant argues that trial counsel:

allowed [him] to enter an open plea.[3] Then she filed subpoenas but did not obtain the requested documents. To compound that error,

---

[3] Appellant does not appear to challenge the effectiveness of his counsel in advising him regarding his decision to plead guilty. We note, however, that when, as here, the record reflects that a defendant was duly admonished by the trial court as to his rights and the consequences of his decision before entering a guilty plea, the admonishment constitutes a prima facie showing that the plea was knowing and voluntary, and the burden then shifts to the defendant to show that he entered a plea without understanding the consequences. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The record is silent regarding trial counsel's advice to appellant regarding his guilty plea beyond his statement on the record that he had adequate time to discuss his plea with her. Thus, appellant has failed

[Miller] did not properly and timely ask the judge to continue that hearing. Furthermore, [Miller] did not properly preserve any potential error in the judge's denial of the motion for continuance.

As the Court of Criminal Appeals has stated, "[T]rial counsel should ordinarily be afforded an opportunity to explain [her] actions before being denounced as ineffective." *Rylander*, 101 S.W.3d at 111. Here, counsel did not testify or provide an affidavit. Without more than the arguments made here by appellant, we cannot determine whether trial counsel acted in accordance with a reasonable strategy. *See id.*; *Bone*, 77 S.W.3d at 833; *see also Massaro*, 538 U.S. at 504–05, 123 S. Ct. at 1694 (stating that appellate record is typically insufficient to support ineffective assistance claim because it does not reflect reasons for counsels acts or omissions); *Mitchell*, 68 S.W.3d at 642 ("The reasonableness of counsel's choices often involves facts that do not appear in the appellate record.").

Assuming, however, without deciding, that trial counsel's performance was deficient, appellant still cannot establish that there is a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064;

---

to establish that any failure on the part of his trial counsel rendered his plea involuntary. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (holding that we do not speculate regarding counsel's trial strategy); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (holding that appellant must provide appellate record that affirmatively demonstrates counsel's performance was deficient); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (holding that record must affirmatively demonstrate alleged ineffectiveness).

11

*Cannon*, 252 S.W.3d at 348–49; *see also Rylander*, 101 S.W.3d at 110 ("Failure of appellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance.").

Appellant must "prove that there is a reasonable probability that, but for counsel's errors, the sentencing [fact-finder] would have reached a more favorable verdict." *Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012) (quoting *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005)). "It is not enough to show that trial counsel's errors had some conceivable effect on the outcome of the punishment assessed." *Id.* (citing *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067). Here, appellant essentially argues that presentation of the evidence of his mental health conditions would have resulted in a more favorable sentence. *See id.* However, the record does not support this argument.

In pronouncing his sentence, the trial court highlighted appellant's extensive criminal background, which included imprisonment for two prior drug offenses; his current probation for money laundering; and his arrests for multiple other crimes, such as driving while intoxicated, injury to a child, assault of a family member, and terroristic threat. Although appellant did not present extensive evidence of his mental health, he did testify at the sentencing hearing regarding his sleep apnea, depression, and problems with "[his] nerves and [his] heart." The trial court assessed his punishment at thirty-five years' confinement and a $100 fine,

12

which is in the lower end of the punishment range for the first-degree felony offense of possession with intent to deliver at least 400 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (providing that punishment range for possession of 400 grams or more of Penalty Group 1 substance is imprisonment for life or for a term of between fifteen and ninety-nine years and fine not to exceed $250,000) (Vernon 2010); *see also id.* § 481.102(6) (providing that methamphetamine is Penalty Group 1 substance) (Vernon 2010). There is no evidence in the record to support the contention that the trial court might have assessed a shorter sentence or a smaller fine had it been aware that appellant had been diagnosed with mental health disorders. *See Strickland*, 466 U.S. at 693–94, 104 S. Ct. at 2067–68; *see also Cash*, 178 S.W.3d at 818 (concluding that habeas corpus applicant did not establish prejudice when finding that result of proceeding would have been different but for counsel's errors "would be based on pure conjecture and speculation").

Thus, appellant has failed to establish his claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Cannon*, 252 S.W.3d at 348–49; *Rylander*, 101 S.W.3d at 110.[4]

---

[4] Appellant further argues that the cumulative effect of these failures requires reversal "because the Court cannot be confident that the constitutional errors can be determined beyond a reasonable doubt not to have contributed to Appellant's sentence." Appellant cites *Stahl v. State* and *Chamberlain v. State* to support his contentions. However, neither of these two cases involved the cumulative effect

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

of errors in a claim of ineffective assistance of counsel.  *See Stahl*, 749 S.W.2d 826, 831 (Tex. Crim. App. 1988) (holding that cumulative effect of outburst by murder victim's mother and prosecutor's misconduct during jury argument constituted reversible error); *see also Chamberlain*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (overruling appellant's argument that cumulative effect of various errors in jury selection and admission of evidence, among others, required reversal and stating, "It is conceivable that a number of errors may be found harmful in their cumulative effect.  But, we are aware of no authority holding that non-errors may in their cumulative effect cause error.") (internal citation omitted).  Appellant cites no authority, nor do we find any, indicating that we should apply any analysis beyond that required by *Strickland*.