

# NUMBER 13-15-00177-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HENRY OCHOA JR.,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

By two issues, appellant Henry Ochoa Jr. appeals his felony convictions for two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West, Westlaw through 2015 R.S.). Ochoa argues on appeal that: (1) his trial counsel rendered ineffective assistance, or, in the alternative, the trial court erred when it failed to conduct a hearing on the issue; and (2) the trial court erred when it failed

to conduct a hearing on his motion for new trial. We affirm.

## I. BACKGROUND

A jury convicted Ochoa for two counts of aggravated sexual assault of a child. *See id.* During closing statements, the State emphasized that Ochoa's DNA had not been excluded from a piece of evidence. However, the lab report and the testimony of the laboratory technician who tested the piece of evidence both indicated that the DNA sample was insufficient for comparison. Ochoa's trial counsel did not object during the State's closing statements. The jury subsequently assessed Ochoa's punishment for each count at life imprisonment with the Texas Department of Criminal Justice's Institutional Division. *See* TEX. PENAL CODE ANN. § 22.021(b)(f)(1) (West, Westlaw through 2015 R.S.).

Ochoa then retained new counsel and filed a motion for new trial claiming that: (1) he received ineffective assistance of counsel; and (2) the State withheld a taped forensic interview with the complainant. The State responded to Ochoa's motion and attached an affidavit from Ochoa's trial counsel. In the affidavit, Ochoa's trial counsel stated his reasons for not objecting to the State's closing statement and swore he received and reviewed a copy of the forensic interview. The trial court, without holding a hearing, denied Ochoa's motion for new trial. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Ochoa asserts that his trial counsel provided ineffective assistance because he failed to object during the State's closing statement.[1]

---

[1] Ochoa argues in the alternative that the trial court erred by not holding a hearing regarding the ineffective assistance of counsel issue, an issue presented in his motion for new trial. We will address this

**A. Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are governed by the United States Supreme Court's decision in *Strickland v. Washington*. 466 U.S. 668, 684 (1984); s*ee Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (en banc) (holding that the *Strickland* standard applies in noncapital sentencing proceedings). Under the two-pronged *Strickland* standard, an appellant must show that: (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome. *See Strickland*, 466 U.S. at 687.

To show deficient performance under the first prong of *Strickland*, an appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness. *See id.* at 688. The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) (en banc). To overcome the presumption of reasonable professional assistance, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The record on direct appeal will only be adequate in rare circumstances to show that counsel's performance fell below an objectively reasonable standard of performance. *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of ineffective assistance of counsel are normally best left for habeas corpus proceedings); *see also Bone v. State*, 77 S.W.3d

---

under the second issue.

3

828, 833 (Tex. Crim. App. 2002) ("Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional."

An appellant establishes prejudice under the second prong of *Strickland* if he shows there is a reasonable probability that the outcome of the proceeding was affected by deficient performance. *See* 466 U.S. at 694; *see also Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005). Reasonable probability is a probability sufficient to undermine confidence in the outcome of the case. *Strickland*, 466 U.S. at 694.

Effective assistance of counsel is gauged by the totality of the representation, and the trial as a whole must be reviewed and not based solely on isolated incidents of counsel's performance. *See Ex parte Walker*, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989) (en banc); *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984) (en banc); *Sanders v. State*, 346 S.W.3d 26, 33 (Tex. App.—Fort Worth 2011, pet. ref'd). For instance, an isolated failure to object to improper evidence does not necessarily constitute ineffective assistance of counsel. *See Ex Parte Menchaca*, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993) (en banc). When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App.1984). Finally, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, *Thompson*, 9 S.W.3d at 814. The right to effective counsel is not the right to error-free counsel. *See Robertson v. State*, 187

4

S.W.3d 475, 483 (Tex. Crim. App. 2006).

## B. Discussion

Ochoa argues that his trial counsel provided ineffective assistance of counsel because his trial counsel failed to object during the State's closing statement. During closing statements, the State emphasized that Ochoa's DNA was not excluded from a piece of evidence. However, the lab report and the testimony of the laboratory technician who tested the piece of evidence both indicated that the DNA sample was insufficient for comparison.

Ochoa's trial counsel stated his strategic reasons for not objecting to the State's closing arguments via affidavit. In the affidavit, Ochoa's counsel states that he did not object to the State's argument because he did not believe that the trial court would sustain the objection and that he did not want to "further point to any of those issues." As stated in *Thompson*, courts should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct. 9 S.W.3d at 814. From our review of the totality of the representation, the single alleged miscalculation of Ochoa's counsel does not amount to ineffective assistance. Additionally, Ochoa's counsel explained his lack of objection was strategy that he employed. *See id.* Therefore, Ochoa has not met the first prong of *Strickland.* We overrule Ochoa's first issue.

### III. MOTION FOR NEW TRIAL

By his second issue, Ochoa argues that the trial court abused its discretion when

it failed to hold a hearing on his motion for new trial because his motion (1) presented an ineffective assistance of counsel issue and (2) raised a fact issue regarding whether the State withheld a forensic interview with the complainant.

### A. Standard of Review and Applicable Law

A trial court's decision not to hold a hearing on a motion for new trial is reviewed under an abuse of discretion standard. *Lucero v. State*, 246 S.W.3d 86, 94 (Tex. Crim. App. 2008). The purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009). While such a hearing is not an absolute right, a trial judge abuses his discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* This second requirement limits and prevents "fishing expeditions." *Id.* A defendant is not entitled to a hearing on a motion for new trial when the matters raised in the motion for new trial are subject to being determined from the record. *Smith v. State,* 286 S.W. 3d 333, 338 (Tex. Crim. App. 2009).

### B. Discussion

Ochoa argues that the trial court erred because it did not hold a hearing on the motion for new trial in relation to his trial counsel's ineffectiveness and whether the State withheld the forensic interview of the complainant.

Regarding the ineffective assistance claim, "where a defendant asserts that he is entitled to a hearing on a motion for new trial raising ineffective assistance of counsel, the motion and affidavit 'must allege sufficient facts from which a trial court could reasonably

6

conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of the trial would have been different." *Gonzalez v. State*, ___ S.W.3d ____, No. 13-13-00427-CR, 2014 WL 4049800 at *3 (Tex. App.—Corpus Christi 2014, pet. ref'd) (quoting *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009)) (emphasis in original). Although Ochoa asserts his counsel should have objected to the State's closing argument and did not review the forensic interview, the State attached an affidavit from Ochoa's trial counsel explaining why he chose not to object and stating he did review the video in the State's file. Therefore, the trial court could properly determine the issues presented based on the record and affidavits and was not required to hold a hearing on the motion for new trial. *See Gonzalez*, ___ S.W.3d at ___, 2014 WL 4049800 at *4.

In addition, Ochoa's motion for new trial does not contain any affidavits asserting or supporting the claim that his trial counsel did not receive a copy of the complainant's forensic interview during discovery on this case. Following the trial court's denial of his motion for new trial, however, Ochoa reasserted his arguments in a filing entitled "Applicant's Objections to the Court's Finding of Fact and Conclusions of Law." Attached to this filing were various "offers of proof," including a photocopy of a text message conversation purportedly between Ochoa's appellate counsel and trial counsel in which Ochoa's appellate counsel asks Ochoa's trial counsel whether the State ever gave Ochoa's trial counsel "a copy of the girl's interview," to which Ochoa's trial counsel replies "Nope." This text message conversation was not properly before the trial court during its denial of holding a hearing on Ochoa's motion for new trial, so we will likewise not consider it today.

7

Instead, we note that the State attached to its response to Ochoa's motion for new trial an affidavit signed by Ochoa's trial counsel stating that he "received and reviewed a copy of the complainant's forensic interview well in advance of trial for this case." After reviewing the record, the trial court denied Ochoa's motion for a new trial. We conclude that the trial court did not abuse its discretion in denying Ochoa's request for a hearing. Nothing in the record before the trial court raised matters which were not determinable from the record or established reasonable grounds showing that Ochoa could potentially be entitled to relief. *See Hobbs*, 298 S.W.3d at 203. We overrule Ochoa's second and final issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
21st day of July, 2016.