

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0891-15

**ARTHUR FRANKLIN MILLER, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS COLLIN COUNTY

ALCALA, J., announced the judgment of the Court and delivered an opinion in which KELLER, P.J., KEASLER, and HERVEY, JJ., joined. KEEL, J., filed a dissenting opinion in which RICHARDSON and WALKER, JJ., joined. NEWELL, J., concurred. YEARY, J., dissented.

## O P I N I O N

The issue in this ineffective-assistance-of-counsel case is the standard that courts should employ for assessing whether a defendant was prejudiced from his attorney's deficient performance with respect to the defendant's decision to waive a jury trial in favor of a bench trial. There are two possible alternatives for the prejudice standard in this type of case. First,

a court could consider solely how the deficient performance affected the defendant's decision to waive the jury. Second, a court could consider the totality of the record so that the deficient performance is gauged against how it affected the outcome of the proceedings by comparing the outcome of the bench trial that actually did occur with the probable outcome of the jury trial that did not occur. In his sole ground in his petition for discretionary review, Arthur Franklin Miller, Jr., appellant, contends that this Court should employ the first alternative. We conclude, however, that the second alternative appropriately applies *Strickland v. Washington*'s traditional prejudice outcome-based standard.[1] By examining the totality of the record, including the proceedings at the evidentiary bench trial that occurred in this case, we determine that appellant has failed to show a reasonable probability that the outcome of the proceeding would have been different had he elected to have a jury trial. We hold that the court of appeals properly determined that appellant was not prejudiced by counsel's erroneous advice. Accordingly, we affirm the court of appeals's judgment.

## I. Background

Appellant was charged with aggravated sexual assault of a child and indecency with a child by sexual contact. *See* TEX. PENAL CODE §§ 21.11, 22.021.[2] Appellant waived his right to a jury trial and pleaded not guilty at a bench trial to the charges. The trial court found

---

[1] 466 U.S. 668 (1984).

[2] Appellant was also acquitted by the trial judge of other charges that were filed under a separate indictment but that were tried contemporaneously with the charges for which he was convicted.

appellant guilty on both charges and sentenced him to twenty-two years' and ten years' imprisonment, respectively.

Appellant filed a motion for new trial alleging ineffective assistance of counsel on the basis that his trial counsel had erroneously promised him that he would receive probation if he was found guilty by the trial court. This advice was erroneous because, under the former law that applies to appellant's offenses that were committed in 2001, only a jury could recommend a probated sentence if he was found guilty of the offenses. *See* TEX. CODE CRIM. PROC. ANN. Art. 42.12 §§ 3(g), 4, 5 (West 2006).[3] Appellant argued that, had he been correctly advised about the judge's inability to grant him probation, he would have elected a jury trial rather than a bench trial. In support of this contention, appellant and several of his family members testified at the hearing on his motion for new trial that trial counsel repeatedly urged appellant to waive a jury trial and proceed with a bench trial because, if the trial judge found him guilty, the judge would give him probation due to appellant's elderly age, lack of criminal history, and the weakness of the State's case. The trial court denied appellant's motion for new trial, and appellant timely appealed.

On appeal, the court of appeals affirmed the trial court's decision to deny appellant's

---

[3]     Because appellant's offenses occurred in 2001, prior to the law being changed in such a manner as to entirely preclude the possibility of probation under these circumstances, appellant was eligible to receive probation from the jury for these offenses. TEX. CODE CRIM. PROC. art. 42.12, § 4 (West 2006). The Legislature subsequently changed the law to preclude jury-recommended community supervision for these offenses, applicable to offenses committed after September 1, 2007. *See* TEX. CODE CRIM. PROC. art. 42.12, § 4(d)(5) (West 2016). In any event, appellant was not eligible to receive probation from the trial judge for these offenses. *Id.* § 3g (a)(1)(C), (E).

motion for new trial. *Miller v. State*, No. 05-14-01065-CR, 2015 WL 3456783, at *1 (Tex. App.—Dallas June 1, 2015) (mem. op., not designated for publication). The State conceded that trial counsel's performance objectively fell below reasonable professional norms and thus constituted deficient performance satisfying the first prong under *Strickland*. *Id.* at *2. The court of appeals's analysis, therefore, focused on whether counsel's deficient performance had prejudiced appellant under the second prong of *Strickland*. *Id*. at *3. The court of appeals's description of the issue was "whether there was a 'reasonable probability' that the result of the proceeding would have been different if appellant's attorney had given him correct advice; that is, whether a jury would have sentenced appellant to probation." *Id*. (citing *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012)). The court explained that the abuse-of-discretion standard applied to its review of the trial court's denial of appellant's motion for new trial and that, under that standard, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Id*. at *1. Applying that standard to this case, the court of appeals observed that the trial court here denied appellant's motion for new trial, and thus the "trial judge implicitly found that there was no reasonable probability that the result of the proceeding would have been different." *Id*. at *4. The court of appeals determined that appellant had failed to show that he was prejudiced by counsel's misadvice because (1) the trial judge could have disbelieved appellant's assertion that he would not have waived a jury if he had known that the judge was unable to assess probated sentences, and (2) appellant had failed to show a reasonable probability that a jury would

have awarded him the probated sentences. *Id*. at *4-5 ("The trial court was not required to accept appellant's claim that he would have acted differently had he received correct advice. And even if the trial court accepted this claim, appellant was also required to establish that correct advice would have changed the result of the proceeding.").

Appellant petitioned this Court for discretionary review. He argues that the court of appeals erred in upholding the trial court's ruling because no reasonable view of the record supports its determination that he was not prejudiced by trial counsel's deficient performance. Appellant asserts that he was prejudiced because he would not have waived a jury and agreed to a bench trial had counsel properly informed him that the trial court could not award him probated sentences for the offenses for which he was charged.[4] The State maintains that appellant has failed to show prejudice because, regardless of whether appellant had been sentenced by the judge or jury, he would not have received probated sentences for these offenses, and thus he has failed to demonstrate a reasonable probability that the outcome of the proceedings would have been different.

## II. The Proper Standard for Prejudice

In light of the arguments presented in this case, we address whether demonstrating prejudice under these circumstances due to counsel's erroneous advice about probation eligibility requires appellant to show, on the one hand, that his decision to waive a jury would

---

[4]     Appellant's ground for review asks, "Did the Court of Appeals err by finding that trial counsel's deficient performance regarding Appellant's probation eligibility, which Appellant relied upon in waiving his constitutional right to a jury trial, was not prejudicial under *Strickland*?"

have been different had he been properly advised, or, on the other hand, that there is a reasonable probability that a jury's sentence would have been different from the judge's sentence. We conclude that the latter standard is appropriate in this case by examining this Court's existing precedent, some of which is conflicting on this question; the *Strickland* standard that applies to all ordinary ineffective-assistance-of-counsel claims arising from counsel's errors during the course of a trial proceeding; the *Hill v. Lockhart*[5] standard that pertains to claims of ineffectiveness arising from counsel's errors during a guilty-plea proceeding; and the rationale for opting for the traditional *Strickland* outcome-based prejudice standard under the facts of this case.

## A. This Court's Precedent

This Court's precedent suggests two alternative ways of assessing prejudice in this context. The first alternative that envisions prejudice in the context of the decision between a jury or a bench trial was set forth in the early 1990's in *State v. Recer*, in which we stated,

> To support a claim of ineffective assistance of counsel where . . . the complaint is that counsel misunderstood the law regarding probation . . . more must be apparent from the record than counsel's mere mistake. There must be evidence [1] that the defendant was initially eligible to receive probation, [2] that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, [3] that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and [4] that the **defendant's decision would have been different** if her attorney had correctly informed her of the law.

815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991) (emphasis added). *Recer*, therefore,

---

[5] 474 U.S. 52 (1985).

supports the view that the prejudice standard should examine whether a defendant would have made a different decision had he been properly advised. *See id*.

About two decades later in *Riley v. State*, this Court, although citing *Recer*, articulated a different standard for determining prejudice from counsel's erroneous advice about probation eligibility that focused on whether the results of the proceeding would have been different had the defendant been properly advised. *Riley*, 378 S.W.3d at 458. In *Riley*, we stated,

> When the claim of ineffectiveness relies upon counsel's misunderstanding of the law regarding community supervision, there must be evidence that: [1] the defendant was initially eligible for community supervision; [2] counsel's advice was not given as part of a valid trial strategy; [3] the defendant's election of the assessor of punishment was based on his attorney's erroneous advice; and [4] the ***results of the proceeding would have been different*** had his attorney correctly informed him of the law.

*Id.* (emphasis added); *see also id.* (explaining that "the analysis of the prejudice prong turns on whether the deficiency made any difference to the outcome of the case"). In *Riley*, we did not explain or address the difference between our description of the relevant standard and the description of the standard in *Recer*; we simply noted that *Recer* was analogous to *Riley* and thus *Recer*'s test was "informative and appropriate" to the scenario presented in *Riley*. *Id.* at 458 n. 24.

**B. The *Strickland* Standard for Prejudice in Ordinary Cases Involving Errors by Counsel At Trial Considers Whether the Result of the Proceeding Would Have Been Different**

The prejudice standard espoused in *Riley* that contemplates whether, but for counsel's

erroneous advice regarding probation eligibility, the outcome of the proceedings would have been different was rooted in the prejudice standard set forth in *Strickland* that generally applies to claims of ineffectiveness stemming from errors by counsel during a trial proceeding. The Supreme Court, in 1984, decided *Strickland*, in which it established the two-prong test to resolve ineffective-assistance-of-counsel claims. *See Strickland*, 466 U.S. at 687. The first prong requires showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688. The second prong requires a defendant to prove that, but for such deficient performance, a reasonable probability exists that the result of the proceeding would have been different. *Id*. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The second prong of the S*trickland* test is a consequence of the "strong presumption of reliability" that the Supreme Court "normally app[lies] . . . to judicial proceedings." *Smith v. Robbins*, 528 U.S. 259, 286 (2000) (citing *Strickland*, 466 U.S. at 696). In most cases, to establish that a trial was rendered unfair due to ineffectiveness by an attorney, a defendant must "overcome" the "presumption of reliability" by proving actual prejudice. *Id. Strickland* did not establish mechanical rules for their own sake. Rather, the test is a reflection of a defendant's burden to overcome the "presumption of reliability" that courts ordinarily afford all "judicial proceedings." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000). A defendant pressing an ineffective-assistance claim ordinarily must "overcome that presumption" by

"show[ing] how specific errors of counsel undermined the reliability of the finding of guilt" or the punishment assessed. *Id*.

*Strickland* was a capital-murder case in which a death sentence had been imposed, and it left open the question of whether its standard applied in the context of the sentencing phase of non-death-penalty cases. *Strickland,* 466 U.S. at 686 ("We need not consider the role of counsel in an ordinary sentencing, which may . . . require a different approach to the definition of constitutionally effective assistance."). The facts in *Strickland* involved a defendant who pleaded guilty to three capital murder charges. *Id*. at 672. After that, Strickland's trial counsel conducted some preparation for the sentencing phase of the proceedings, but he decided not to present, and hence not to look further for, evidence concerning Strickland's character and emotional state. *Id*. at 673. At the sentencing hearing, counsel argued that Strickland's remorse and acceptance of responsibility justified sparing him from the death penalty. *Id*. The State put on evidence and witnesses largely for the purpose of describing the details of the crimes, but counsel did not cross-examine the medical experts who testified about the manner of death of Strickland's victims. *Id*. at 674. In discussing prejudice in *Strickland*, the Supreme Court noted that, aside from conflict-of-interest claims, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Id*. at 693. The Court observed that attorney "errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." *Id*. It explained,

"Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Id*.

The *Strickland* Court made strong statements about the need for courts to focus on the actual reliability of the proceedings that did occur rather than on speculation about the possibility of jury nullification or some other extreme event. *Id*. at 694-95. The Court stated,

> In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to the law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed. The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.

*Id*.

With respect to its focus on the outcome of the proceedings in the context of Strickland's sentencing hearing that had occurred before the trial court in that case, the Supreme Court determined that it was necessary for reviewing courts to examine the totality of the evidence, which in that case required the reviewing court to decide whether there was a reasonable probability that, absent counsel's errors, the sentencer would have concluded that the balance of aggravating and mitigating circumstances did not warrant a sentence of death. *Id*. at 695. The Court stated, "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*.

Initially, this Court held that the *Strickland* prejudice standard was inapplicable in

non-capital sentencing proceedings. *See Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987); *see also Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim. App. 1980). But later, this Court reversed course and announced that the *Strickland* standard ordinarily would apply to all cases, including non-death cases, at both the guilt and punishment phases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). Under *Strickland*, therefore, in ordinary cases of ineffective assistance of counsel involving a claim that counsel has performed deficiently during either the guilt or punishment phases of trial, courts must apply the prejudice standard that focuses on whether there is a reasonable probability that the result of the proceedings would have been different but for the attorney's deficient performance.

**C. The *Hill* Standard for Prejudice in Plea Proceedings Applies *Strickland* By Considering Whether the Defendant Would Not Have Pleaded Guilty**

After *Strickland* set forth the prejudice standard for claims of ineffective assistance in ordinary trials, the Supreme Court discussed that standard in the context of a claim of ineffectiveness where there had only been plea proceedings rather than an ordinary trial. *Hill*, 474 U.S. at 56-59. In *Hill*, the Supreme Court held that Hill had failed to prove ineffective assistance of counsel because he "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test[.]" *Id*. at 59. The Court explained that satisfying the prejudice prong in this context requires that the defendant show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. The Court addressed how to assess prejudice from the deficient performance by Hill's attorney, who had misinformed Hill about

his eligibility for parole under the sentence he had agreed to in the plea bargain. *Id*. at 60. The Court explained that Hill had failed to allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. *Id*. Furthermore, Hill had not alleged any special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. *Id*. In considering whether Hill would have made a different decision whether to plead guilty had he been correctly advised, the Supreme Court also considered the complained of matter in the context of the ultimate outcome of the trial. *Id*. It said, "Indeed, [Hill's] mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted." *Id*.

*Hill* applied the *Strickland* prejudice standard in the particular context of a guilty-plea proceeding by determining that, if a defendant would have made a different decision to plead guilty to an offense had he been correctly advised by his attorney, then that establishes the prejudice requirement that considers whether it is reasonably likely that the result of the proceedings would have been different. *See id*. at 59. With respect to this matter, the Supreme Court stated,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence,

> the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Id*. Thus, even within the prejudice analysis that focuses on whether counsel's deficient performance affected a defendant's decision to plead guilty, *Hill* signaled that a court may properly consider whether the outcome of the proceeding would not have been different.

The *Hill* Court noted that, in considering whether the outcome of the proceeding would have been different based on the deficient advice that resulted in a plea of guilty, a court should apply an objective standard. *See id*. at 59. Referring to its decision in *Strickland*, the Supreme Court stated, "[T]hese predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

### D. Prejudice Standard for Deficient Advice Resulting in a Defendant's Guilt and Punishment Being Decided at a Court Trial Rather Than at a Jury Trial

We conclude that appellant's complaint presents a claim of ineffectiveness that is subject to an ordinary *Strickland* prejudice analysis that focuses on the outcome of the proceedings. Given that there was an entire guilt and punishment trial, this Court has an entire record of the proceedings that occurred so that we may discern whether the probable outcome of the proceedings would have been different with a jury trial that did not occur as

compared to the bench trial that did occur. We can examine all of the evidence to ascertain whether it is reasonably probable that a jury would have recommended a probated sentence and, thus, we may properly assess whether the result of the proceedings would likely have been different. Such an approach would be consistent with the Supreme Court's observation in *Strickland* that, in order to warrant relief from a conviction or sentence due to counsel's errors in a trial proceeding, those errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. In *Hill*, there was no trial to examine for the reliability of the proceeding because all that occurred in that case was a guilty plea, but here, as in the punishment-phase court trial in *Strickland*, there are trial proceedings that may be examined for their reliability as to their outcome.

Additionally, the Supreme Court's decision in *Lafler v. Cooper* informs our conclusion that *Strickland* rather than *Hill* is the appropriate framework for resolving appellant's claim. 566 U.S. 156, 164 (2012). In *Cooper*, the Supreme Court considered the appropriate prejudice standard for a situation that is the converse of *Hill*—a defendant rejects a plea offer as a result of constitutionally deficient counsel, proceeds to trial, and receives a sentence harsher than that offered in the plea bargain. *Id.* at 160. The Court explained,

> In contrast to *Hill*, here the ineffective assistance led not to an offer's acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms

would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 163-64.  The prejudice standard discussed in *Cooper* considered the totality of the record, including the explanation that a defendant must show that the plea offer that was not conveyed to him was less severe than the judgment and sentence that was imposed against him at a trial.  *Id*.  Prejudice in *Cooper* did not focus solely on whether the defendant would have accepted a plea offer had it been conveyed to him.  *See id*.  Similar to *Cooper*, the appropriate prejudice standard here properly considers the totality of the record, including whether it is reasonably likely that the judgment and sentence that a reasonable jury would probably impose would be less severe than what was in fact imposed by the trial court at the court trial.

Here, for the defendant to have been harmed by counsel's deficient performance, the probation punishment option would have to have been a reasonably probable outcome in his case.  If there is no reasonable probability that a fact finder would have sentenced a defendant to probation, then the defendant could not possibly have been harmed by counsel's deficient performance.  This is precisely what the *Strickland* prejudice analysis was intended to address.

In light of the foregoing considerations, we hold that the ordinary *Strickland* standard applies to a claim of ineffective assistance of counsel that is based on counsel's erroneous advice regarding a defendant's eligibility to receive probation from a particular sentencer.  Accordingly, the proper prejudice standard that applies to this case is whether appellant has

demonstrated a reasonable probability that "the results of the proceeding would have been different had appellant's attorney correctly informed him of the law." *See Riley*, 378 S.W.3d at 458.

### III. Analysis of the Court of Appeals's Judgment Affirming Denial of New-Trial Motion

Applying the proper prejudice standard to the facts of this case, we affirm the court of appeals's decision to uphold the trial court's denial of appellant's motion for new trial. We have stated that, in the context of this type of ineffective-assistance claim that is premised on counsel's error related to a defendant's eligibility to receive probation, the central prejudice inquiry under *Strickland* is whether there is a reasonable probability that a defendant's sentencing jury would have recommended probation had the issue been submitted to it. *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005) (citing *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002)) (noting that when it is alleged that counsel performed deficiently at the punishment phase of trial, defendant must prove that there is a reasonable probability that, but for counsel's errors, the sentencing jury would have reached a more favorable penalty-phase verdict). In *Ex parte Cash*, under analogous circumstances in which the defendant claimed that his counsel's error had prevented the jury from considering probation, this Court observed that the jury's imposition of a forty-year sentence against Cash was a strong indicator that, even if it had been presented with the option of sentencing Cash to ten years or less and awarding him probation, the jury would not have exercised that option. *Id.* at 819.

The prejudice prong of the *Strickland* ineffectiveness inquiry is a mixed question of law and fact. *Riley*, 378 S.W.3d at 458. The prejudice prong often contains "subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses." *Id*. Because the abuse-of-discretion standard requires a reviewing court to give almost total deference to a trial court's findings of historical facts as well as to its resolution of mixed questions of law and fact that turn on an evaluation of credibility and demeanor and to view the record in the light most favorable to the trial court's ruling, we agree with the court of appeals that the trial court properly denied appellant's motion for new trial. As the State suggests, the trial judge implicitly determined that, even if appellant had sought probation from the jury, it is highly unlikely that the jury would have awarded appellant probated sentences.[6]

Although it was legally possible for a jury to assess probated sentences for appellant's convictions for aggravated sexual assault of a child and indecency with a child by contact, it is not reasonably probable that it would have assessed probation for those crimes.[7] The facts in this case involved the molestation of appellant's grandchild that occurred over a

---

[6]    In its findings of fact and conclusions of law that were orally announced on the record, the trial court found that appellant's counsel advised him that he could receive probation in a bench trial; that this view by counsel was erroneous; but that the mistake by counsel was not "so deficient to be a miscarriage of justice." We imply factual findings in favor of the trial court's ruling for matters on which it has failed to make an express finding.

[7]    Appellant's conviction for aggravated sexual assault of a child carried a possible range of punishment from 5 years to 99 years or life, whereas his conviction for indecency with a child by contact carried a possible punishment range of 2 to 20 years. TEX. PENAL CODE §§ 22.021(a)(1)(B); 21.11(a)(1); 12.32, 12.33.

period of two years and involved several alleged instances of abuse. The complainant testified in extensive detail about the sexual abuse, and her testimony regarding the abuse was supported by the testimony of police investigators. Some of the more egregious facts showed that appellant would go into the complainant's room at night and would expose her to pornography before touching and rubbing her vagina. The complainant was around nine or ten years old at the time of these incidents. The complainant indicated that she was afraid to report the abuse because appellant paid her father's bills and she feared that her family would become homeless if appellant went to jail. The trial court assessed twenty-two years in prison for the aggravated sexual assault offense, which was more than four times the statutory minimum of five years. There is nothing to suggest that the jury would have assessed a sentence at less than half of what the trial court assessed, given the egregious nature of the offense and the facts of the case. The trial court assessed a ten-year sentence for the offense of indecency with a child by contact, and the law would have permitted the jury to have recommended that this prison term be probated. The trial court's sentence, however, was five times the statutory minimum of two years in prison, and half of the maximum sentence permitted under the law. It is clear, therefore, that the trial court did not consider the offense worthy of a minimum term or a lighter sentence. There is nothing to suggest that the jury would have decided that a more lenient probated sentence was appropriate under these circumstances. We conclude that appellant has not presented us with any basis upon which we might determine that, from an objective viewpoint, a reasonable

jury would have awarded him a probated sentence for this offense. We, therefore, agree with the court of appeals's conclusion that appellant failed to show that trial counsel's deficient performance prejudiced him.

### IV. Conclusion

Appellant has not shown that, had his attorney correctly advised him regarding the effect of waiving a jury on his probation eligibility, there was a reasonable probability of changing the outcome of the proceeding. Given the procedural posture of this case in which the court of appeals was reviewing the trial court's denial of a motion for new trial, we agree that the court of appeals properly deferred to the trial court's determination that appellant was not prejudiced by counsel's deficient performance. Accordingly, the court of appeals properly upheld the trial court's denial of appellant's complaint that trial counsel was ineffective, and we affirm the judgment of the court of appeals.

Delivered: April 26, 2017

PUBLISH